FLORENCE T. NAKAKUNI   #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, Jr.   #3740
Chief, Fraud and Financial Crimes Section

MARSHALL H. SILVERBERG   #5111
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Marshall.Silverberg@usdoj.gov

DANIEL W. DOOHER
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice
601 D Street, N.W. Room 2108
Washington, D.C. 20004
Telephone: (202) 305-0351
E-mail: Daniel.Dooher@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. CR15 00523 SOM |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA |
| | ) | AGREEMENT; |
| vs. | ) | ATTACHMENT A: |
| | ) | CORPORATE AUTHORIZATION |
| | ) | |
| | ) | Date:   July 10, 2015 |
| WASTE MANAGEMENT OF | ) | Time:   1:00 p.m. |
| HAWAII, INC.,   (01) | ) | Judge: Hon. Kevin S.C. Chang |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorneys, the United States Attorney for the District of Hawaii and the Environmental Crimes Section, Environment and Natural Resources Division of the U.S. Department of Justice ("the Government"), and the defendant, WASTE MANAGEMENT OF HAWAII, INC., by its attorneys, have agreed upon the following:

1. Defendant acknowledges that it has been charged in the Information with two counts of violating the Clean Water Act, 33 U.S.C. § 1311(a), and 33 U.S.C. § 1319(c)(1)(A). The defendant also acknowledges that it has been charged in the Second Superseding Indictment pending in Cr. No. 14-00468-SOM-BMK, with violations of the Clean Water Act and other offenses under Title 18, United States Code.

2. Defendant has read the charges against it contained in the Information and Second Superseding Indictment, and those charges have been fully explained to the defendant by its attorney.

3. Defendant fully understands the nature and elements of the crimes with which it has been charged in the Information and the defendant acknowledges for purposes of this Memorandum of Plea Agreement that it is liable for the negligent acts or omissions of its agents and employees acting within the scope of their employment and for the benefit of the corporation, as alleged in the Information.

4. Defendant will enter voluntary pleas of guilty to Counts 1 and 2 of the Information, each charging it with negligently violating the Clean Water Act, in violation of 33 U.S.C. § 1319(c)(1)(A). In exchange for the defendant's pleas of guilty to Counts 1 and 2 of the Information, the Government agrees to move to dismiss the pending Second Superseding Indictment and the underlying indictments as to the defendant after the imposition of sentence. Defendant understands that the Government is entering into this agreement based on the assumption that codefendant Joseph R. Whelan is also pleading guilty to a charge in the Information. If codefendant Whelan does not plead guilty or withdraws his guilty plea prior to sentencing, for reasons other than the court rejecting the agreed upon sentence, the United States may withdraw from this agreement with defendant.

5. In exchange for the defendant's pleas of guilty to the Information, the Government will not further prosecute the defendant for any crimes alleged in the Second Superseding Indictment or the underlying indictments, and for any other crimes arising from or related to those crimes based on information now known to the Government. Defendant understands this Memorandum of Plea Agreement does not apply to any other defendants charged in the pending Second Superseding Indictment.

6. In addition to the defendant's entering pleas of guilty to Counts 1 and 2 of the Information, the parties agree,

pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, that the appropriate disposition of this case is a sentence consisting of the following:  (1) a criminal fine of $400,000, payable to the Clerk of the U.S. District Court; (2) restitution of $200,000, comprising $100,000 payable to the Ko Olina Community Association and $100,000 payable to the Malama Learning Center on the leeward shore of Oahu for implementation of water quality monitoring and erosion control projects; and (3) a total special assessment of $250.00 ($125.00 per count), payable to the Clerk of the U.S. District Court.

7.   The defendant also agrees to file with the Court written approval by the defendant, which has manifested its intention and agreement to be bound by corporate authorization, and to have a duly authorized representative appear to enter the pleas of guilty on behalf of the defendant. A copy of this written authorization shall be attached hereto as Attachment A and made part of the record.  The defendant agrees that this Memorandum of Plea Agreement shall be filed with the Court.

8.   Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

9.   The defendant enters these pleas because it is in fact guilty of negligently discharging pollutants in violation of the Clean Water Act, as charged in Counts 1 and 2 of the Information.

10. The defendant agrees that its guilty pleas to Counts 1 and 2 of the Information are knowing and voluntary and not the result of force or threats.

11. The defendant understands and agrees that the potential maximum punishment pursuant to this agreement for each count is: (a) a term of probation of not more than five years, pursuant to 18 U.S.C. § 3561(c)(2); (b) a fine of the greater of $200,000 or twice the pecuniary gain from the offense, or twice the pecuniary loss to a person other than the defendant, 18 U.S.C. § 3571(c)(5), (d); (c) a special assessment of $125, pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii); and (d) restitution as directed by the Court, 18 U.S.C. § 3572.

12. Defendant understands that, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure, if the Court accepts the Plea Agreement, it will inform the defendant that the agreed upon sentence will be included in the judgment. The parties agree that if the Court rejects the agreed upon sentence, the defendant has the right to withdraw its plea of guilty pursuant to FRCrP 11(c)(5)(B). In addition, the parties agree that if the Court rejects the agreed upon sentence, the parties shall have the right to withdraw from the plea agreement.

13. Defendant admits the following set of facts and agrees that it is not a detailed recitation, but merely an outline of what happened in relation to the charges to which Defendant is pleading

guilty. During the relevant time period alleged in the Information:

    (a)  The defendant was a company incorporated under the laws of the State of Delaware and it was registered to do business in Hawaii.

    (b) The defendant was the operator of the Waimanalo Gulch Sanitary Landfill, ("WGSL" or "landfill"), which was owned by the City and County of Honolulu. WGSL was located at 92-460 Farrington Highway, Kapolei, Oahu, Hawaii, in the District of Hawaii. The landfill was located within a large canyon, which could receive storm water from up canyon areas during rain storms. As operator of the WGSL, WMH was responsible for disposing Municipal Solid Waste (MSW) in the landfill, which was disposed of in areas known as "cells."

    (c) On August 30, 2010, as authorized under the Clean Water Act, the Hawaii Department of Health Clean Water Branch (DOH-CWB) issued a renewed Notice of General Permit Coverage (NGPC), which provided coverage under Hawaii's General Permit for discharges of storm water from the landfill. The NGPC, which incorporates Hawaii's General Permit, constituted the 2010 National Pollutants Discharge Elimination System (NPDES) Permit for the WGSL. The 2010 NPDES permit provided that storm water associated with industrial activity may be discharged from the WGSL subject to certain conditions, including but not limited to specified effluent limitations, and compliance with Hawaii State Water Quality Standards.

(d) On or about October 22, 2010, WMH began operation of a new cell, known as "Cell E6," which included the daily disposal of MSW into the cell. The MSW accepted at the WGSL included solid waste, incinerator residue, and garbage, which are defined as "pollutants" under the Clean Water Act if discharged into water.

(e) On or about December 19, 2010, a large rain storm struck the leeward side of Oahu. As a result of the storm, Cell E6 became flooded with storm water that flowed into the cell from up canyon of the cell.

(f) From on or about December 19, 2010, until December 23, 2010, WMH, through one or more of its employees or agents acting within the scope of their authority and on behalf of WMH, negligently caused the discharge of pollutants from a point source to a water of the United States in violation of a permit by: causing a contractor to pump storm water containing pollutants derived from contact with MSW as described in paragraph 13(d) from Cell E6 into an open manhole of a large pipe that ultimately flowed to three outfall pipes that discharged to Hawaii's coastal waters. This conduct violated the 2010 NPDES Permit, 33 U.S.C. §§ 1311 & 1319(c)(1)(A).

(g) On or about January 12-13, 2011, another large rain storm struck the leeward side of Oahu. As a result of the storm, Cell E6 again became flooded with storm water which had flowed into the cell from up canyon.

(h) From the late evening of January 12, 2011, until the early morning of January 13, 2011, WMH, through one or more of its employees or agents acting within the scope of their authority and on behalf of WMH, negligently caused the discharge of pollutants from a point source to a water of the United States in violation of a permit by:  leaving a manhole uncovered that allowed storm water containing pollutants derived from contact with MSW as described in paragraph 13(d) to flow from Cell E6 into the open manhole of a large pipe that ultimately flowed to three outfall pipes that discharged to Hawaii's coastal waters.  This conduct violated the 2010 NPDES Permit, 33 U.S.C. §§ 1311 & 1319(c)(1)(A).

14.  Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this agreement will not undermine the statutory purposes of sentencing.

15.  The parties stipulate and agree that the Information and this Memorandum of Plea Agreement may enable the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, such that a Presentence Report may not need to be prepared.

16.  If the Court accepts the defendant's guilty pleas and this Memorandum of Plea Agreement, the parties will agree if the Court immediately imposes the sentence set forth in Paragraph 6 of this

Memorandum of Plea Agreement and agreed to by the parties. The parties agree that such a procedure is not binding on the Court and the Court can order the preparation of a Presentence Report.

17. The defendant is aware that it has the right to appeal its conviction and the sentence imposed. If the Court accepts this agreement, Defendant knowingly waives the right to appeal its conviction and any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on any ground whatever, in exchange for the concessions made by the Government in this plea agreement.

   a. The defendant also waives its right to challenge its conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge based on a claim of ineffective assistance of counsel.

18. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

19. The defendant agrees that it will not file any claim pursuant to the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997).

20. The defendant understands that by pleading guilty it surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges contained in the Information or any other charges which could be brought via an Indictment, it would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and its attorney would have the right to have prospective jurors removed for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and its attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on its own behalf. If the witnesses for the defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

21.   The defendant understands that by pleading guilty, it is voluntarily, knowingly, and intelligently waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to it, and the consequences of the waiver of those rights.

22.   The defendant and its attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce the defendant to plead guilty. Should the Court refuse to accept this agreement, for reasons other than the agreed upon sentence, it is null and void and neither party shall be bound thereto.

23.   The defendant understands that this Memorandum of Plea Agreement applies only to pending federal criminal charges. This Memorandum of Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims

for damages of natural resources, suspension, debarment, listing, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

24.  The defendant agrees that if the Court accepts its guilty pleas to the two counts of the Information, it will make all payments required by the agreed sentence set forth in Paragraph 6 within five (5) business days of the imposition of sentence.

DATED: *July 10, 2015*, Honolulu, Hawaii.

AGREED:

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR.
Fraud and Financial Crimes
Section Chief

MARSHALL H. SILVERBERG
Assistant U.S. Attorney

DANIEL W. DOOHER
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

WASTE MANAGEMENT OF HAWAII, INC.
Defendant
By: *Joseph R. Whelan*
JOSEPH R. WHELAN, Vice President

JOHN C. HUESTON, ESQ. *William McCorriston*
Attorney for Defendant
WASTE MANAGEMENT OF HAWAII, INC.

UNITED STATES v. WASTE MANAGEMENT OF HAWAII, INC.,
Cr. No. 14-CR-468: SOM-BMK
Memorandum of Plea Agreement

ACTION BY UNANIMOUS WRITTEN CONSENT
OF THE BOARD OF DIRECTORS
OF
WASTE MANAGEMENT OF HAWAII, INC.,
a Delaware corporation

Adopted: July 8, 2015

The undersigned, constituting all of the directors of WASTE MANAGEMENT OF HAWAII, INC., a Delaware corporation (the "*Corporation*"), pursuant to authority to so act without a meeting in accordance with Section 141(f) of the Delaware General Corporation Law and the Bylaws of this Corporation, do hereby consent to the taking of the following actions and do hereby adopt, ratify and approve the following resolution and direct the Secretary of the Corporation to place a copy hereof in the Corporation's book of minutes. This written consent of the Board of Directors is given in lieu of a special meeting of the Board of Directors of the Corporation, and all the actions taken herein shall have the same force and effect as if they were taken and adopted at a duly called, noticed, and convened meeting of the Board of Directors.

Resolution:

Joseph Whelan, as an Officer of Waste Management of Hawaii, Inc., is hereby authorized to appear at the Change of Plea set for Friday, July 10, 2015 in the District Court of the United States of America, District of Hawaii, as the Corporate Representative of Waste Management of Hawaii, Inc., in Cr. No. 14-468 SOM BMK, to enter pleas of guilty on behalf of Waste Management of Hawaii, Inc. to two (2) misdemeanor discharge violations of the Clean Water Act.

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Corporation, do hereby adopt the foregoing resolutions by unanimous written consent as of the date set forth opposite their respective signatures below.

Dated: July 8, 2015

Courtney A. Tippy

Dated: July 8, 2015

Larry W. Metter

Attachment A

Signature Page to Action by Unanimous Written Consent of
the Board of Directors of Waste Management of Hawaii, Inc.

326626.1